**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Allen Tindal, Jr., Appellant.

Appellate Case No. 2018-001213

Appeal From Fairfield County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2020-UP-289
Submitted October 1, 2020 – Filed October 14, 2020

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, for Respondent.

**PER CURIAM:** David Allen Tindal, Jr. appeals his conviction for distribution of methamphetamine, arguing the trial court abused its discretion by refusing to grant a mistrial after a witness gave prejudicial testimony. Because any prejudice

resulting from the witness's statement was minimal and the trial court gave a curative instruction sufficient to cure any alleged error, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Culbreath*, 377 S.C. 326, 331, 659 S.E.2d 268, 271 (Ct. App. 2008) ("Whether to grant or deny a mistrial motion is a matter within the trial court's sound discretion, and the court's decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *State v. Herring*, 387 S.C. 201, 216, 692 S.E.2d 490, 498 (2009) ("The grant of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that the prejudicial effect can be removed in no other way."); *State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 911-12 (1996) ("If the trial [court] sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.